IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CRYSTAL FELCH,

        Plaintiff,                    OPINION AND ORDER

   v.

                                          18-cv-113-bbc

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 10, 2019, I granted the parties' joint motion to remand this case for further proceedings before an administrative law judge. Dkt. #25. On December 3, 2019, I accepted the parties' stipulation for attorney fees under the Equal Access to Justice Act and awarded counsel fees in the amount of $11,000. Dkt. #35. Now before the court is a motion filed by plaintiff Crystal Felch's counsel, Dana Duncan, for attorney fees, following a favorable decision from the administrative judge on remand. Dkt. ##36-37. The acting commissioner does not oppose the motion. Dkt. #38. (I have revised the caption to reflect the fact that Kilolo Kijakazi is now the acting commissioner of Social Security.)

Counsel reports that he and plaintiff have a contingency fee agreement providing for attorney fees amounting to 25 percent of an award of past-due benefits. On remand, the administrative law judge awarded past-due benefits from which the Social Security Administration withheld 25 percent, or $11,421, for attorney fees. Counsel has submitted an accounting showing 67.80 hours of time spent on plaintiff's case in this court. Pursuant to 42 U.S.C. § 406(b), counsel requests an order awarding him a fee for court work in the amount of $11,421 to be payable out of plaintiff's past-due benefits.

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must nevertheless review it to be sure that it is reasonable in light of the character of the representation and the results obtained; the time, labor, and skill required; the attorney's experience, reputation, and ability; and awards in similar cases. Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989). Here, the requested award is reasonable. Counsel seeks a total of $11,421 in attorney fees for 67.80 hours of work, for an overall average hourly rate of approximately $168. This is well below the typical hourly rate found to be reasonable in such cases; district courts in this circuit have awarded representative fees that reflect hourly rates as high as $400 to $1,500. Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases). Counsel is an experienced attorney who represented plaintiff in this court and achieved a favorable result for his client. Accordingly, I will approve counsel's request for attorney fees in the amount of $11,421.00.

As counsel points out, he was already awarded $11,000 in fees under the EAJA, and his fee agreement with plaintiff provides that his total fee for representation will not exceed 25 percent of plaintiff's back benefits. Accordingly, plaintiff asks this court to direct the SSA to award him only $421 (the difference between 25 percent of the back benefits and the amount of EAJA fees he already received) and to send the remaining $11,000 to his client, Ms. Felch. As this is a reasonable request, I will grant it.

ORDER

IT IS ORDERED that:

1. The motion for attorney fees filed by plaintiff's attorney, Dana Duncan, pursuant to 42 U.S.C. § 406(b), dkt. #36, is GRANTED. The court approves a representative fee award of $11,421.00.

2. Because Attorney Duncan already received $11,000 in attorney fees under the EAJA, the Social Security Administration is directed to pay $421 of plaintiff's withheld back due benefits to Attorney Duncan. The remaining $11,000 should be refunded to Crystal Felch.

Entered this 5th day of July, 2022.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge